IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LEONCE WHITE,

    Plaintiff,

        v.

SIG SAUER, INC.,

    Defendant.

CIVIL ACTION FILE
NO. 1:22-CV-1985-TWT

## OPINION & ORDER

This is a products liability action. It is before the Court on the Defendant Sig Sauer, Inc.'s Motion for Summary Judgment [Doc. 21]. The Plaintiff Leonce White has not filed a response to the Motion. For the reasons set forth below, the Defendant's Motion for Summary Judgment [Doc. 21] is GRANTED.

## I.   Background[1]

Plaintiff Leonce White was issued a Sig Sauer P320 pistol as his service weapon in conjunction with his employment at the City of Riverdale Police Department. (Def.'s Statement of Undisputed Material Facts ¶ 1). According to the Plaintiff, he sustained a gunshot wound to his thigh when the "P320 discharged as he was in the process of holstering his weapon" during training

---

[1] The operative facts on the Motion for Summary Judgment are taken from the Defendant's Statement of Undisputed Material Facts. The Court will deem the parties' factual assertions, where supported by evidentiary citations, admitted unless the respondent makes a proper objection under Local Rule 56.1(B). As the Plaintiff here has not filed a response to the Motion, the Court will deem the Defendant's Statement of Undisputed Material Facts admitted.

at a firing range. (*Id.* ¶ 2 (quotation marks omitted)); (Compl. ¶ 10). As a result of this injury, the Plaintiff filed suit against the Defendant, asserting state law claims for negligence, breach of the implied warranty of merchantability, breach of the warranty of fitness for a particular purpose, negligent infliction of emotional distress, and intentional infliction of emotional distress. (Compl. ¶¶ 51-91).

The basis of the Plaintiff's claims is that the P320 fired without a trigger pull. (*Id.* ¶ 13). However, the Plaintiff has not located an expert who can support his allegation and did not serve an expert report by the June 1, 2023 deadline for him to do so. (Def.'s Statement of Undisputed Material Facts ¶¶ 12-13). Similarly, the Plaintiff has not located an expert who could opine that his P320 was defective. (*Id.* ¶¶ 14-15). To date, the Plaintiff has not adduced any admissible evidence that his P320 was capable of discharging without the trigger being pulled, or that the discharge at issue in this matter was not caused by the trigger being pulled. (*Id.* ¶¶ 16-17). Nor has the Plaintiff produced any admissible evidence that his P320 had a design or manufacturing defect, a defect due to failure to warn, was not of merchantable quality, or was not fit for its intended purpose. (*Id.* ¶¶ 18-22).

## II.  Legal Standards

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists, and that the movant is entitled to judgment as a matter

of law. Fed. R. Civ. P. 56(a), (c). The court should view the evidence and draw any inferences in the light most favorable to the nonmovant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

Despite the Defendant's lack of opposition, the Court "cannot base the entry of summary judgment on the mere fact that the motion [i]s unopposed, but, rather, must consider the merits of the motion." *United States v. One Piece of Real Property Located at 5800 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). In considering the merits, the Court "need not sua sponte review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials." *Id.*

### III. Discussion

In its Motion for Summary Judgment, the Defendant argues that the Plaintiff's failure to serve an expert report that supports his allegations dooms his claims. (Def.'s Mot. for Summ. J., at 4-5). The Defendant contends that expert evidence is required in a case such as this where the jury would be tasked with assessing technical issues outside the scope of a layperson's

knowledge, such as the internal components and functioning of the P320 pistol. (*Id.* at 6-7). The Court agrees.

In products liability cases, "expert testimony is necessary to show a manufacturing defect when an evaluation of the alleged defect lies outside the common experience of a jury—that is, when a juror would not otherwise understand how the product was intended to perform." *O'Shea v. Zimmer Biomet Holdings, Inc.*, 342 F. Supp. 3d 1354, 1359 (N.D. Ga. 2018) (quotation marks omitted) (citing *Williams v. Mast Biosurgery USA, Inc.*, 644 F.3d 1312, 1320 (11th Cir. 2011). Moreover, "[a]s a general rule, expert testimony is required to identify design defects and to establish proximate causation in products liability cases." *Goodrich ex. rel Goodrich v. Fisher-Price, Inc.*, 2018 WL 11343390, at *3 (N.D. Ga. Nov. 14, 2018).

All of the Plaintiff's claims hinge on there being a defect in the P320 pistol that caused it to discharge without the Plaintiff having pulled the trigger. But the Plaintiff has not even attempted to present any evidence, let alone expert evidence, that supports his allegation that the P320 was defective in some way. The Court agrees that the innerworkings of a firearm are outside the scope of knowledge of a layperson, and therefore, such expert evidence was required for the Plaintiff's claims to survive summary judgment. *See O'Shea*, 342 F.3d at 1359; *Goodrich ex. rel Goodrich*, 2018 WL 11343390, at *3. On the other hand, the Defendant has provided the Court with several factually similar cases that were ultimately dismissed because of the failure of an expert

4

to opine that a defect in the P320 could have caused it to discharge without the trigger having been pulled. (*See* Def.'s Mot. for Summ. J., Exs. 7-10). The Defendant has therefore carried its burden of demonstrating the absence of a genuine dispute of material fact as to the issue of a defect in the P320. *Celotex Corp.*, 477 U.S. at 323-24. And as the Plaintiff has not responded to the Motion for Summary Judgment, he has failed to carry his burden of presenting affirmative evidence supporting the existence of a genuine dispute of material fact as to the defect issue. *Anderson*, 477 U.S. at 257. Therefore, summary judgment in the Defendant's favor is warranted.

## IV. Conclusion

For the foregoing reasons, the Defendant Sig Sauer, Inc.'s Motion for Summary Judgment [Doc. 21] is GRANTED. The Clerk is DIRECTED to enter judgment in favor of the Defendant, and to close the case.

SO ORDERED, this ___25th___ day of January, 2024.

THOMAS W. THRASH, JR.
United States District Judge